HAWLEY, District Judge. The facts of this case and the principles of law applicable thereto were clearly and correctly stated by the circuit judge (see Abbott v. U. S., 66 Fed. 447), and are not of such a character as to call for any further discussion. The judgment of the circuit court is affirmed.

## BERGNER et al. v. HORN.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1896.)

### No. 141.

Appeal from the Circuit Court of the United States for the District of Maryland.

This was a bill by William C. Horn, president of Koch, Sons & Co., an unincorporated joint stock company, against Frederick Bergner and others, for infringement of a patent. There was a decree for an injunction and an accounting (68 Fed. 428), from which defendants appealed.

H. T. Fenton and Edgar H. Gans, for appellants.

Alan D. Kenyon and William Houston Kenyon, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

PER CURIAM. We see no error in the conclusion reached by the circuit court. The decree of that court is affirmed, with costs.

## EELLS v. COOK.

(Circuit Court of Appeals, Ninth Circuit. October 10, 1894.)

### No. 142.

Appeal from the Circuit Court of the United States for the District of Washington.

William H. Brinker, U. S. Atty.

F. Campbell, for appellee.

Reversed, on authority of Eells v. Ross, 12 C. C. A. 205, 64 Fed. 417.

## FOLSOM v. TOWNSHIP OF NINETY-SIX.

(Circuit Court of Appeals, Fourth Circuit. February 10, 1896.)

### No. 69.

Error to the Circuit Court of the United States for the District of South Carolina.

Shields & Shields, H. J. Hansworth, and J. W. Parker, for plaintiff in error.

Chas. Inglesby, Eugene B. Gary, and W. C. Miller, for defendant in error.

No opinion. Reversed and remanded, pursuant to the mandate of the United States supreme court. See 16 Sup. Ct. 174.

## HAMMOND v. STOCKTON COMBINED HARVESTER & AGRICULTURAL WORKS.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1896.)

### No. 231.

In Error to the Circuit Court of the United States for the Northern District of California.

This was a petition for a rehearing. See, for former opinion, 17 C. C. A. 356, 70 Fed. 716.

PER CURIAM. The petition for rehearing is denied. The motion to certify questions of law to the supreme court, having been filed after the decision of the case, and pending the motion for a rehearing, will not be entertained; and, the petition for a rehearing having been denied, the motion to certify is directed to be stricken from the files.

---

## LOO WAY v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. February 3, 1896.)

### No. 248.

In Error to the District Court of the United States for the Southern District of California.

This was a proceeding by arrest to determine the right of Loo Way, a Chinaman, to remain in the United States. The circuit court commissioner found the facts as charged, and ordered his removal. This order was affirmed by the district court. 68 Fed. 475. Defendant brings error.

Haines & Ward, for plaintiff in error.
Henry S. Foote, for the United States.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

PER CURIAM. The facts of the case are fully stated by the learned judge who tried the case in the district court, and, for the reasons and authorities (to the latter it is only necessary to add Lai Moy v. U. S., 14 C. C. A. 283, 66 Fed. 955, and Lew Jim v. U. S., 14 C. C. A. 281, 66 Fed. 953, decided by this court) expressed and cited by him, the judgment is affirmed.

---

## MUIRHEID v. CONSOLIDATED ICE–MACH. CO.

### (Circuit Court of Appeals, Third Circuit. March 3, 1896.)

### No. 22.

In Error to the Circuit Court of the United States for the District of New Jersey.

Sur motion to docket and dismiss writ of error.
Frank S. Katzenbach, Jr., for defendant in error.
Dismissed, pursuant to the sixteenth rule.

---

## WHEATON v. NORTON et al.

### (Circuit Court of Appeals, Ninth Circuit. February 14, 1896.)

### No. 141.

Appeal from the Circuit Court of the United States for the Northern District of California.

This was a petition for a rehearing. See, for former opinion, 17 C. C. A. 447, 70 Fed. 833.

PER CURIAM. The petition for rehearing is denied. The motion to certify questions of law to the supreme court, having been filed after the decision of the case, and pending the motion for a rehearing, will not be entertained; and, the petition for a rehearing having been denied, the motion to certify is directed to be stricken from the files.